| | |
|---|---|
| Katherine G. Rubschlager (SBN 328100)<br>ALSTON & BIRD LLP<br>55 2nd Street, Suite 2100<br>San Francisco, California 94105-0912<br>Telephone: (415) 243-1000<br>Facsimile: (415) 243-1001<br>katherine.rubschlager@alston.com | Peter C. Magic (CA SBN 278917)<br>DESMARAIS LLP<br>101 California Street, Suite 3070<br>San Francisco, CA 94111<br>Tel: 415-573-1900<br>Fax: 415-573-1901<br>pmagic@desmaraisllp.com |
| *Attorneys for Plaintiff Telcom Ventures LLC* | *Attorneys for Defendant Apple Inc.* |
| *Additional counsel on signature page* | *Additional counsel on signature page* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TELCOM VENTURES LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>       Defendant. | CASE NO. 3:25-CV-05041-RFL<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to the Court's Civil Standing Order, Federal Rule of Civil Procedure 26, Civil Local Rule 16-9, and the Local Patent Rules, Plaintiff Telcom Ventures LLC ("Telcom Ventures" or "Plaintiff") and Defendant Apple Inc. ("Apple" or "Defendant") (collectively, the "Parties") have conferred and respectfully submit this Joint Case Management Statement. The Parties certify that their respective lead trial counsel have met and conferred for the preparation of this statement as required by Civil L.R. 16-3.

## I.   JURISDICTION AND SERVICE

The Parties agree that for purposes of this action jurisdiction and venue are proper. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b). Apple was served with a Summons and Complaint on October 7, 2024 and has not contested service. Dkt. No. 17.

## II.   FACTS

### A.   Telcom Ventures' Statement

Telcom Ventures was founded in 2006 by Raj Singh, an inductee to the Wireless Hall of Fame and one of the inventors of the four Asserted Patents.[1] Telcom Ventures has been a pioneer in the fields of telecommunications and related information technologies since being founded.

The four Asserted Patents improve the security and convenience of wireless point-of-sale payments. The Asserted Patents were filed for in 2008, before the proliferation of smartphones and long before Apple released its accused "Apple Pay" and "Apple Wallet" functionality. The Asserted Patents relate to hardware and software for improving the security and convenience of point-of-sale transactions. The Asserted Patents disclose and claim detecting physiological parameters of the user via a sensor, while also detecting proximity to a point-of-sale terminal, as requirements to proceed with the transaction, thus improving security. '199 Patent, 1:41-47. These inventions are used by Apple Pay on iPhones.

The Asserted Patents go far beyond merely using a phone as a wallet. They disclose and claim specific structures and methods to prevent fraudulent transactions. The claims include myriad non-

---

[1] The Asserted Patents are U.S. Patent Nos. 10,219,199, 10,674,432, 11,924,743, and 11,937,172. The case originally included four additional patents that have since been dismissed with prejudice. *See* Dkt. 104.

- 1 -

conventional elements, as mobile payment solutions like Apple Pay would not even be released for 6 more years.

**B.     Apple's Statement**

Apple has been a pioneer in the design and manufacture of consumer electronics for more than four decades. Apple's innovations have led to some of the most iconic products on the market during that time span. For its efforts, Apple has been awarded thousands of patents by the United States Patent and Trademark Office, which protect the technologies underlying Apple's groundbreaking inventions, including technologies related to Apple Pay and Apple Wallet.

The Asserted Patents purport to address a need for a mobile device to "act as a 'wallet' . . . only when it is time to pay for an item and not act as a wallet when there is no need to do so." '199 Patent at 1:37-40. The Asserted Patents claim to address that need by "provid[ing] systems, devices and/or methods that may be used to enable adaptively one or more modes/functions of a device based upon having satisfied by the device (or another device) a proximity condition/criterion." *Id.* at 1:41-47. The Asserted Patents provide high-level examples, such as enabling the ability to pay a toll near a toll collection access point (*id.* at 4:30-6:6 ("Example/Application No. 1")), enabling a "pay" function when a device is "proximate to a 'check-out' counter/location," and enabling/disabling various conventional communication interfaces depending on a proximity criterion and "at least one other parameter." *See id.* at 6:10-8:61 ("Example/Application No. 2" and "No. 3").

Apple denies infringement of any claim of the Asserted Patents, denies that any claims of the Asserted Patents are valid or enforceable, and denies that Telcom is entitled to the relief requested or any other relief. Apple asserts affirmative defenses to Telcom's allegations and reserves the right to assert any additional defenses as they become known during the course of this action or to the extent they are not otherwise deemed affirmative defenses by law.

**III.    LEGAL ISSUES**

This patent infringement case will involve at least the following issues. The Parties reserve the right to amend this identification of issues as this litigation progresses:

- The proper construction of any disputed claim terms of the Patents-in-Suit;
- Whether Apple infringes one or more Asserted Claims of the Patents-in-Suit;

- Whether the Asserted Claims are invalid under 35 U.S.C. §§ 102, 103, and/or 112;
- Whether the Asserted Claims are patent-eligible under 35 U.S.C. § 101;
- Whether the Asserted Claims are unenforceable;
- Whether Apple does not infringe under the reverse doctrine of equivalents;
- Whether Telcom is barred from recovering by express or implied licenses or by patent exhaustion;
- Whether Telcom is barred from excluding others from practicing the claims of one or more of the Asserted Patents for lack of standing;
- Whether Telcom's claims of patent infringement are barred by equitable doctrines (e.g., unclean hands, patent misuse, waiver, acquiescence, estoppel, disclaimer, and/or prosecution laches);
- Whether the validity of the Asserted Claims is supported by objective indicia of nonobviousness;
- Whether Telcom Ventures is entitled to damages if one or more of the Asserted Claims are found valid and infringed;
- The amount of damages, prejudgment interest, and post-judgment interest recoverable by Telcom Ventures if Apple is found to infringe one or more of the Asserted Claims;
- Whether Telcom Ventures is entitled to an injunction or, in the alternative, an ongoing royalty;
- Whether any other forms of relief are due to Telcom Ventures or Apple;
- Whether Telcom Ventures or Apple is entitled to attorneys' fees under 35 U.S.C. § 285; and
- Resolution of any asserted or later asserted legal issues by Defendant (e.g., affirmative defenses and counterclaims).

## IV.   MOTIONS

### A.   Prior Resolved Motions

This case was originally filed in the U.S. District Court for the Southern District of Florida. On November 27, 2025, Apple filed a Motion to Dismiss Telcom Ventures' Complaint for Failure to State a Claim ("Motion to Dismiss"). Dkt. No. 28. Telcom Ventures filed its Opposition to Apple's Motion to Dismiss on December 11, 2025, and Apple filed its reply on December 18, 2024. Dkt. Nos. 33 and 34. Prior to transferring the case to this Court, the district court in Florida denied Apple's Motion to Dismiss without prejudice, ruling that "the parties dispute the need for claim construction," and thus "Apple may

refile its Motion after the claim construction dispute is resolved." Dkt. No. 53 at 1-2 (June 12, 2025) (citing and quoting case law).

On February 6, 2025, Apple filed a Motion to Transfer Venue ("Motion to Transfer") to the Northern District of California Under 28 U.S.C. § 1404(a). Dkt. No. 40. In response, Telcom Ventures filed a Motion for Venue Discovery Related to Apple's Motion to Transfer ("Motion for Venue Discovery"). Dkt. No. 44 (Feb. 13, 2025). Apple filed its opposition to Telcom Ventures' Motion for Venue Discovery on February 27, 2025, and Telcom Ventures filed its reply on March 6, 2025. Dkt. No. 47, 48. The district court denied Telcom Ventures' Motion for Venue Discovery on April 24, 2025. Dkt. No. 49.

Telcom Ventures then filed its Opposition to Apple's Motion to Transfer on May 15, 2025, and Apple filed its reply on May 29, 2025. Dkt. Nos. 50, 51. The district court granted Apple's Motion to Transfer on June 13, 2025 (Dkt. No. 54), and this case was assigned to Your Honor on July 1, 2025. Dkt. 93.

On September 23, 2025, the Parties filed a Joint Stipulation to Dismiss Counts I, II, V, and VII of Telcom Ventures' Complaint—i.e., Telcom Ventures' infringement allegations with respect to U.S. Patent Nos. 9,462,411, 9,832,708, 11,770,756, and 12,028,793. Dkt. 103. The Court granted the Parties' stipulation on September 24, 2025. Dkt. 104.

**B.     Pending Motions**

On June 26, 2025, Apple filed a Motion for Leave to File Defendant's Motion for Reconsideration of the Florida Court's Order Denying Apple's Motion to Dismiss. Dkt. 83. On July 15, 2025, the Court granted Apple's Motion for Leave and set a briefing schedule for Apple's Motion for Reconsideration. Dkt. 97. Pursuant to the Court's schedule, Telcom Ventures filed its opposition on July 29, 2025, and Apple filed its Reply on August 5, 2025. Dkts. 100 and 101. A hearing was scheduled for September 30, 2025 but was not held, and Apple's Motion for Reconsideration remains pending.

On October 10, 2025, Apple filed a Motion to Stay pending *Inter Partes* Review. Dkt. 105. Telcom Ventures' opposition is due on October 24, 2025 and Apple's reply is due on October 31, 2025.

## V. AMENDMENT OF PLEADINGS

Each Party reserves the right to move to amend its pleadings as permitted under the Federal Rules of Civil Procedure.

## VI. EVIDENCE PRESERVATION

The Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## VII. DISCLOSURES

The Parties have not yet served initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A). The Parties will serve initial disclosures on October 15, 2025. The Parties will serve additional disclosures required by the Local Patent Rules according to the schedule in **Exhibit A** or **Exhibit B**, or as otherwise required by the Court.

## VIII. DISCOVERY

### A. Discovery Taken to Date

The Parties have not yet conducted discovery in this action.

### B. Scope of Anticipated Discovery

The Parties recognize that discovery, both written and via depositions, in this action may include information in the possession of third parties.

Telcom Ventures anticipates taking discovery regarding Apple's ongoing infringement of the Patents-in-Suit, including technical documentation (including source code) and financial information relevant to Apple's infringement and discovery regarding appropriate calculations of damages. Telcom Ventures further anticipates that the Parties will take discovery as to the conception, reduction to practice, and development of the inventions disclosed in the Asserted Claims.

Apple anticipates taking discovery regarding at least the following topics: the factual basis for Telcom's infringement allegations; the proper claim construction of the Asserted Claims; the Asserted Patents, including their prosecution history, assignment history, financial or ownership interest, and alleged infringement analyses; the invalidity of the Asserted Patents, including conception and reduction

to practice, prior art, unenforceability, and invalidity analyses; the licenses or other agreements involving the Asserted Patents, including their negotiation; and purported damages for alleged infringement of the Asserted Patents; and the litigation history involving the Asserted Patents.

### C.   Limitations or Modifications of the Discovery Rules

The Parties do not seek any modifications to the limitations on discovery provided by the Local Rules and/or the Federal Rules of Civil Procedure.

### D.   Proposed Discovery Plan

The Parties' positions with respect to scheduling are discussed in Section XVI below. Nevertheless, the Parties agree that discovery should not be conducted in phases or limited to any particular issue. The Parties do not currently have any issues regarding disclosure, discovery, or the preservation of ESI. The Parties will meet and confer regarding ESI and will submit a proposed stipulated ESI discovery protocol.

<u>Subjects of Discovery</u>

The Parties anticipate discovery is necessary as to topics including, but not limited to:

- Technical documents (including source code) regarding the design, structure, and operation of Apple's accused products;
- Technical documents regarding the design, structure, and operation of any prior art products;
- Financial information, including revenues, costs, and profits, associated with Apple's accused products;
- Information relating to any additional bases for damages;
- The prosecution history, assignment history, financial or ownership interests, and alleged infringement analysis of the Asserted Patents;
- Prior art, invalidity analysis, unenforceability, conception, and reduction to practice of the Asserted Patents;
- Telcom's use, if any, of the Asserted Patents;
- Telcom's licenses or other agreements involving the Asserted Patents; and
- The proper claim construction for the Asserted Patents.

- 7 -

Privilege

The Parties do not presently have any disputes related to the attorney-client privilege. The Parties will meet and confer regarding privilege logs.

Modification of Discovery Plan

The Parties may modify this Discovery Plan only by written agreement or by order of the Court, and only to the extent that such agreement does not conflict with any other order of the Court.

Identified Discovery Disputes

The Parties do not have any discovery disputes ripe for submission to the Court at this time. To the extent any discovery disputes arise, the Parties will address such disputes in accordance with the governing federal and local rules, and pursuant to any orders issued by the Court.

IX. CLASS ACTIONS

This is not a class action lawsuit.

X. RELATED CASES

Apple has filed IPR petitions against each of the Patents-in-Suit:

- *Apple Inc. v. Telcom Ventures LLC*, IPR2025-01234 (PTAB, filed Aug. 5, 2025).
- *Apple Inc. v. Telcom Ventures LLC*, IPR2025-01235 (PTAB, filed Aug. 5, 2025).
- *Apple Inc. v. Telcom Ventures LLC*, IPR2025-01236 (PTAB, filed Aug. 5, 2025).
- *Apple Inc. v. Telcom Ventures LLC*, IPR2025-01238 (PTAB, filed Aug. 5, 2025).

Telcom Ventures filed an action in the Eastern District of Texas alleging that Samsung infringes the Patents-in-Suit: *Telcom Ventures LLC v. Samsung Electronics Co., Ltd., et al.*, No. 2:24-cv-00691-JRG (E.D. Tex.).

Samsung filed IPR petitions against each of the Patents-in-Suit:

- *Samsung Electronics Co. v. Telcom Ventures LLC*, IPR2025-00957 (PTAB, filed May 2, 2025). The Director discretionarily denied institution of Samsung's IPRs on October 10, 2025.
- *Samsung Electronics Co. v. Telcom Ventures LLC*, IPR2025-00972 (PTAB, filed May 23, 2025). The Director discretionarily denied institution of Samsung's IPRs on October 10, 2025.

- *Samsung Electronics Co. v. Telcom Ventures LLC*, IPR2025-00974 (PTAB, filed May 23, 2025). The Director discretionarily denied institution of Samsung's IPRs on October 10, 2025.
- *Samsung Electronics Co. v. Telcom Ventures LLC*, IPR2025-00977 (PTAB, filed May 23, 2025). The Director discretionarily denied institution of Samsung's IPRs on October 10, 2025.

Google has also filed IPR petitions against each of the Patents-in-Suit:

- *Google LLC v. Telcom Ventures LLC*, IPR2025-01349 (PTAB, filed July 25, 2025).
- *Google LLC v. Telcom Ventures LLC*, IPR2025-01389 (PTAB, filed Aug. 6, 2025).
- *Google LLC v. Telcom Ventures LLC*, IPR2025-01419 (PTAB, filed Aug. 13, 2025).
- *Google LLC v. Telcom Ventures LLC*, IPR2025-01421 (PTAB, filed Aug. 14, 2025).

## XI.    RELIEF

Telcom Ventures requests a judgment that Apple infringes, directly and indirectly, the Asserted Claims of the Patents-in-Suit. Upon such a finding, Telcom Ventures requests an order awarding damages in an amount sufficient to compensate Telcom Ventures for Apple's infringement, including a reasonable royalty, along with prejudgment and post-judgment interest. Telcom Ventures also requests a declaration that this case is exceptional under 35 U.S.C. § 285 and an award of reasonable attorneys' fees. Telcom Ventures requests any other relief deemed appropriate by this Court.

Apple requests the following relief: a declaration that Apple has not and does not infringe, whether directly, indirectly, literally or by equivalents, any valid and enforceable claim of the Asserted Patents; dismissal of all of Telcom's claims against Apple in their entirety and with prejudice; a declaration that Telcom take nothing by way of its Complaint; entry of judgment in favor of Apple and against Telcom on all of Apple's Defenses; an order pursuant to 35 U.S.C. § 284 and/or Rule 54(d) of the Federal Rules of Civil Procedure awarding Apple its costs incurred in connection with this action; an order finding this an exceptional case under 35 U.S.C. § 285, and awarding Apple its costs and fees in this action, including attorney's fees, and prejudgment interest thereon; and an order awarding Apple such further relief as the Court may deem appropriate under the circumstances.

## XII. SETTLEMENT AND ADR

Pursuant to ADR Local Rule 3-5, the Parties have discussed the selection of an ADR process and have certified that they prefer to discuss ADR selection with the Court at the case management conference. *See* Dkt. Nos. 76 and 80.

## XIII. OTHER REFERENCES

The Parties do not believe that special procedures, such as a reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation, are warranted at this time.

## XIV. NARROWING OF ISSUES

The Parties are not aware of any issues for narrowing at this time. Telcom Ventures has already narrowed the scope of this case via a stipulated dismissal as to four originally asserted patents. *See* Dkt. 104. The Parties will continue to meet and confer on any potential future narrowing.

## XV. EXPEDITED TRIAL PROCEDURE

The Parties do not believe this case is appropriate for an expedited schedule through the procedures set forth by General Order No. 64.

## XVI. SCHEDULING

The Parties disagree on a proposed schedule. Telcom Ventures' proposed schedule is attached as **Exhibit A** and Apple's proposed schedule is attached as **Exhibit B**. The parties' positions are summarized below.

**Telcom Ventures' Position:**

Telcom Ventures proposes a schedule that is consistent with the Local Patent Rules of the Northern District of California and this Court's Civil Standing Order. Specifically, Telcom Ventures proposes that the Court set all deadlines prior to the Court's *Markman* hearing in accordance with the deadlines set forth in the Local Patent Rules. As to the remaining deadlines that are not set by the Local Patent Rules—including the close of Fact Discovery, close of Expert Discovery, and Trial—Telcom Ventures proposes deadlines that follow this Court's Civil Standing Order. The Order states that "[t]he trial date will almost always be 12-16 months after the date the original complaint was filed."[2] *See* Civil Standing Order at 3.

---

[2] Apple's argument that "Telcom's reliance on the filing date of the Complaint is misplaced" and "the relevant benchmark for setting a realistic case schedule is not how long the Complaint has been on file but how far the case has actually progressed" directly contradicts this Court's standing order. Apple has

Given that Telcom Ventures filed its original Complaint **over one year ago**, the Court should set trial within 13 months of the Court's initial case management conference. Thus, Telcom Ventures proposes that trial should commence on November 16, 2026.

Telcom Ventures disagrees with multiple aspects of Apple's proposal.

*First*, Telcom Ventures disagrees with Apple's proposal to have the Court delay adopting a case schedule until after resolution of Apple's (i) Motion for Reconsideration of the Florida Court's Order denying Apple's motion to dismiss without prejudice and (ii) Motion to Stay Pending *Inter Partes* Review. The deadlines in the Local Patent Rules are triggered by the initial case management conference, not the disposition of a pending motion—particularly a motion for reconsideration of an earlier Order that was itself **without prejudice**, as here, or a motion to stay pending inter partes review where there is no guarantee that the Board will institute review of Apple's IPR petitions. This is particularly true here as Apple's IPR are the **second set of petitions** filed against the same set of patents and the Board **already** discretionarily denied institution of Samsung's IPRs in light of the earlier district court trial date in the Samsung Litigation (June 1, 2026). Moreover, the Court scheduled the upcoming case management conference despite that Apple's motion for reconsideration is pending. Lastly, Apple's proposal seeks to delay the instant proceedings without justification, which would prevent Telcom Ventures from vindicating its patent rights.

*Second*, Telcom Ventures disagrees with Apple's proposed trial date (October 4, 2027), which is more than one year after Telcom Ventures' proposed trial date and runs afoul of this Court's Civil Standing Order. Apple's proposal would set trial nearly **three years** after Telcom Ventures filed its original complaint and **two years** after the court's case management conference, contrary to this Court's Order that "[t]he trial date will almost always be 12-16 months after the date the original complaint was filed." *See* Civil Standing Order at 3. Apple does not—and cannot—provide any basis for why trial cannot be held within 12-16 months of the initial case management conference. This is especially true considering that Telcom Ventures has already narrowed its case significantly for trial by dismissing four of the eight patents at issue with prejudice.

---

prevented this case from progressing past the pleadings stage despite that Telcom Ventures filed its complaint over one year ago.

Apple asserts that the court's schedules in *FaceTec, Inc. v. Jumio Corp.*, Case No. 3:24-cv-03623, ECF No. 38 (N.D. Cal. Sept. 18, 2024) and *Yangtze Memory Tech. Co., Ltd. v. Micron Tech., Inc.*, Case No. 3:23-cv-05792, ECF No. 42 (N.D. Cal. Feb. 22, 2024) support its proposed schedule. Not so. In both cases, the Court set a trial date that was about two years **from the filing date of the original complaint**—which is exactly what Telcom Ventures proposes here. Telcom Ventures' proposed schedule also closely follows the schedule set by the court in *Omnitracs, LLC et al v. Motive Technologies, Inc. f/k/a Keep Truckin, Inc.*, Case No. 3-23-cv-05261, ECF No. 47 (N.D. Cal. Jan. 30, 2024) where the Court set trial within 15 months of the original case management conference. Therefore, Apple's position that Telcom Ventures' proposed schedule is an "outlier" and that Apple's proposal follows the Court's "ordinary timeframe for complex, multi-patent cases" lacks merit.

Lastly, Apple appears to complain that Telcom Ventures' proposed schedule compresses deadlines such as the close of fact discovery, expert discovery, and dispositive motion practice. Again, Telcom Ventures' proposed schedule is consistent with the schedule adopted in *Omnitracs*, where opening expert reports were due one week after the close of fact discovery. Moreover, it is routine practice for opening expert reports to closely follow the close of fact discovery in patent infringement cases. *See, e.g., Telcom Ventures LLC v. Samsung Elects. Co., Ltd.*, Case No. 2:24-cv-00691-JRG, Dkt. 55 (E.D. Tex. Aug. 29, 2025) (opening expert reports due three weeks after the close of fact discovery); *K.Mizra LLC v. Nokia Corp.*, Case No. 2:24-cv-00974 (E.D. Tex. April 14, 2025) (modifying the deadline to serve opening expert reports—originally set **as the same day** as the close of fact discovery—to one week after the close of fact discovery); *Western Digital Techs., Inc. v. Viasat, Inc.*, Case No. 22-cv-04376-HSG, ECF No. 131 (N.D. Cal. Dec. 2, 2024) (opening expert reports due about a month after the close of fact discovery).

Apple's proposed delayed trial date appears to be driven by Apple's attempt to avoid a discretionary denial of the eight *inter partes* review petitions it filed **eight months after** Telcom Ventures filed its Complaint.  This Court should not delay the trial date where doing so is inconsistent with this Court's Civil Standing Order, would reward Apple despite its waiting over eight months to file its IPR petitions, and would delay trial until three years after Telcom Ventures initiated this lawsuit.

*Third*, Telcom Ventures disagrees with Apple's proposal for narrowing the scope of the litigation. As an initial matter, as noted above, Telcom Ventures **has already** narrowed its case significantly by

- 11 -

dismissing four of the eight patents at issue with prejudice. Telcom Ventures is not aware of any instance where this Court included such deadlines as part of the Court's initial scheduling order—and Apple provides no examples to the contrary. Because Telcom Ventures has not yet served its Local P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions, any court ordered narrowing at this juncture would be premature. Worse, Apple's proposal is also not proportional as it limits Telcom Ventures to just 10 patent claims while allowing Apple to assert "20 references and/or combinations" as serial invalidity challenges against those claims. Apple's narrowing proposal would force Telcom Ventures to drastically narrow the infringement case while affording Apple an *unlimited* number of prior art references so long as they are part of no more than 20 combinations. Lastly, it is unclear whether Apple's proposal requires a second round of narrowing. Apple's proposed schedule proposes a deadline for the parties to "submit [a] further claim/prior art narrowing stipulation to the Court" and then proposes additional deadlines for identifying asserted claims and prior art references/combinations. Given that Telcom Ventures has already narrowed its case significantly, it is Telcom Ventures' position that no further narrowing should be ordered by the Court at this time. However, Telcom Ventures is not opposed to meeting and conferring with Apple regarding potential case narrowing *after* the parties have served their respective contentions under the Local Patent Rules.

**Apple's Position**:

Apple respectfully submits that the Court should defer entering a full case schedule until after the Court resolves Apple's pending Motion for Reconsideration, Motion to Dismiss, and Motion to Stay. A ruling in Apple's favor on any of those motions could significantly narrow—or entirely dispose of—the case, thereby conserving both judicial and party resources.

Apple proposes a schedule that is consistent with the Local Patent Rules of the Northern District of California and this Court's past practice for complex patent litigation. Apple agrees with Telcom that the Local Patent Rules should govern the early phases of the case, through claim construction briefing. Apple's proposal for the remaining dates not set by the Local Patent Rules closely follows the schedules entered by this Court in the following representative matters: *FaceTec, Inc. v. Jumio Corp.*, Case No. 3:24-cv-03623, ECF No. 38 (N.D. Cal. Sept. 18, 2024) ( (23 months to trial); *SmartWatch MobileConcepts, LLC v. Google, LLC*, Case No. 3:24-cv-00937, ECF No. 51 (N.D. Cal. May 22, 2024)

(24 months to trial); and *Yangtze Memory Tech. Co., Ltd. v. Micron Tech., Inc.*, Case No. 3:23-cv-05792, ECF No. 42 (N.D. Cal. Feb. 22, 2024)  (21 months to trial).  Apple's proposal is squarely within this Court's ordinary timeframe for complex, multi-patent cases requiring claim construction, expert discovery, and dispositive motion practice.[3]  By contrast, Telcom's proposal is an outlier that would compress key phases of the case beyond what is workable under the Local Patent Rules or this Court's Standing Order.  For example, under Telcom's proposed schedule, opening expert reports would be due only one week after the close of fact discovery, leaving insufficient time to incorporate the factual record into expert analyses, and dispositive motions would be due just two days after the close of expert discovery.  Such compressed deadlines would serve neither the Parties nor the Court and would increase the likelihood of disputes, motion practice, and requests for extensions later in the case.  Apple's proposal, by contrast, provides a balanced and orderly schedule within the timelines this Court has consistently applied in comparable matters.

   Telcom's reliance on the filing date of the Complaint is misplaced.  The relevant benchmark for setting a realistic case schedule is not how long the Complaint has been on file, but how far the case has actually progressed.  Here, it has not progressed at all:  no discovery has been taken and Apple's Motion to Dismiss the original pleading remains pending.  Moreover, Telcom itself participated in the case reaching this procedural posture by agreeing to stay proceedings pending resolution of Apple's Motion to Transfer. Dkt. 45.  Having agreed to that stay, Telcom cannot now invoke the passage of time during that stay to justify an artificially accelerated schedule.  Moreover, the fact that an intervening transfer delayed entry of a case schedule is not unique to this matter and provides no reason to deviate from this Court's standard practice.  In *SmartWatch MobileConcepts, LLC v. Google, LLC*, Case No. 3:24-cv-00937, ECF No. 51 (N.D. Cal. May 22, 2024), for example, the case was transferred to this Court from another district, and the case management conference was not held until more than 13 months after the complaint was filed.  Nevertheless, this Court entered a schedule with a trial date 24 months from the date of the case management conference.  Here too the Court should adopt a schedule measured from the upcoming case management conference, consistent with its established practice for transferred, complex patent actions.

---

[3] Even after Telcom's dismissal of four patents, this case still involves four Asserted Patents totaling 66 claims.  The breadth of Telcom's assertions supports Apple's proposed schedule, including the narrowing process Apple proposes, discussed below.

Apple also believes that case narrowing benefits both the Parties and the Court. Apple's proposal would have the Parties narrow to 10 asserted claims and 10 asserted prior art references/combinations after the close of fact discovery, with a commitment for a subsequent narrowing process to be completed prior to the filing of dispositive motions. Apple is not requesting that the Court order narrowing at this time, but rather that the Court enter a schedule that requires both parties to narrow more than a year from now, after the close of fact discovery, to facilitate expert reports, dispositive motion briefing, and trial. Apple's proposal is in line with previous orders from this Court in similar complex patent matters. *See Yangtze Memory Tech. Co., Ltd. v. Micron Tech., Inc.*, Case No. 3:23-cv-05792, ECF No. 106 (N.D. Cal. Aug. 21, 2024) ("In the joint case management statement, the Court encourages the parties to agree upon a proposed timeline for narrowing the asserted claims and asserted grounds of invalidity … Absent such an agreement, the Court will impose its own requirements regarding election of representative claims before dispositive motions and Daubert, and will stay and sever nonelected claims."); *Omnitracs, LLC et al v. Motive Technologies, Inc. f/k/a Keep Truckin, Inc.*, Case No. 3-23-cv-05261, ECF No. 409 (N.D. Cal. Apr. 4, 2025) ("The Court ORDERS Omnitracs to narrow its claims to ten claims or less.").

## XVII. TRIAL

Telcom Ventures estimates that trial will last approximately seven or eight days. Apple has yet to learn which and how many claims Telcom will assert in this case, and therefore takes no position at this time on the expected length of trial. A jury trial has been demanded on all issues triable by jury.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:

Telcom Ventures and Apple have filed their respective Certificates of Interested Parties pursuant to Federal Rule of Civil Procedure 7.1(a). After the case was transferred to this Court, the parties filed additional Certificates of Interested Parties pursuant to pursuant to Civil Local Rule 3-15 and Federal Rule of Civil Procedure 7.1(a). *See* Dkt. Nos. 79 and 96.

*Telcom Ventures stated*:

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Plaintiff Telcom Ventures LLC ("Telcom Ventures") discloses that it has no parent corporation and that no publicly held corporation holds 10% or more of Telcom Ventures' stock.

Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Peter D. Karabinis and Odyssey Wireless, Inc.

*Apple stated*:

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Defendant Apple Inc. ("Apple") discloses that it has no parent corporation and that no publicly held corporation holds 10% or more of Apple's stock.

Pursuant to Civil Local Rule 3-15, Apple certifies that no persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities other than the named parties are known to have either: (i) a financial interest of any kind in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

## XIX. PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XX. OTHER MATTERS

The Parties do not believe that any other matters are appropriate for inclusion in this Joint Case Management Statement.

## XXI. ADDITIONAL INFORMATION PURSUANT TO PATENT LOCAL RULE 2-1(B)

### A. Proposed Modification to Obligations or Deadlines Set Forth in Patent Local Rules

The Parties' competing schedules are attached as **Exhibit A** and **Exhibit B**.

### B. Scope and Timing of Any Claim Construction Discovery

The Parties' proposed schedule includes a deadline for claim construction discovery. By the date identified in the entered schedule, any Party that intends to rely on any witness who will give expert testimony to support that Party's proposed constructions shall serve on the other Party a claim construction

expert report for that witness. Such reports shall comply with the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

### C. Format of the Claim Construction Hearing

The Parties propose that the Claim Construction Hearing consist of a 3-hour presentation, with 90 minutes allotted to the Plaintiff and 90 minutes allotted to the Defendant.

### D. How the Parties Intend to Educate the Court on the Technology at Issue

The Parties propose educating the Court on the technology at issue through a tutorial in advance of the Claim Construction Hearing. The Parties propose that each side present a 45-minute summary and explanation of the technology at issue, with Telcom Ventures presenting first, and Apple presenting second.

### E. Non-Binding, Good-Faith Estimate of Damages Range

Telcom Ventures contends that it is entitled to monetary damages in an amount no less than a reasonable royalty. Telcom Ventures also seeks an award of attorneys' fees, costs, and expenses, and any other relief the Court may deem just and proper.

Apple contends that it expects to be able to provide further explanation of damages after the parties have exchanged Pat. L.R. 3-8 Damages Contentions and Pat. L.R. 3-9 Responsive Damages Contentions. Apple contends that Apple has not and does not infringe any Asserted Claim of the Asserted Patents, literally or under the doctrine of equivalents, directly or indirectly. Apple further contends that the Asserted Claims of the Asserted Patents are invalid and/or unenforceable. Accordingly, Telcom is not entitled to any damages. Apple will be able to better understand Telcom's claim for damages upon receiving adequate infringement and damages contentions. Apple further contends that its damages include the attorneys' fees and costs Apple has incurred, and continues to incur, in relation to this action and any such further relief as the Court may deem appropriate under the circumstances. The total amount of damages Apple seeks is not yet determinable.

At this early stage, the parties are unable to provide an estimate of the damages range expected for this case. The Parties expect to be able to provide an estimate and explanation after the exchange of any applicable Patent Local Rule 3-8 Damages Contentions and Patent Local Rule 3-9 Responsive Damages Contentions.

| | |
|---|---|
| DATED: October 15, 2025 | Respectfully submitted, |
| ALSTON & BIRD LLP | DESMARAIS LLP |
| */s/ Kirk T. Bradley* | */s/ Lindsey Miller* |
| Katherine G. Rubschlager (SBN 328100)<br>55 2nd Street, Suite 2100<br>San Francisco, California 94105-0912<br>Telephone: (415) 243-1000<br>Facsimile: (415) 243-1001<br>katherine.rubschlager@alston.com<br><br>Theodore Stevenson, III (admitted *pro hac vice*)<br>Jacob W. Young (admitted *pro hac vice*)<br>2200 Ross Avenue, Suite 2300<br>Dallas, Texas 75201<br>Telephone: (214) 922-3400<br>Facsimile: (214) 922-3899<br>ted.stevenson@alston.com<br>jacob.young@alston.com<br><br>Kirk T. Bradley (admitted *pro hac vice*)<br>Karlee N. Wroblewski (admitted *pro hac vice*)<br>Mary Riolo (admitted *pro hac vice*)<br>1120 South Tryon Street, Suite 300<br>Charlotte, North Carolina 28203<br>Telephone: (704) 444-1000<br>Facsimile: (704) 444-1111<br>kirk.bradley@alston.com<br>karlee.wroblewski@alston.com<br>mary.riolo@alston.com<br><br>*Attorneys for Plaintiff Telcom Ventures LLC* | John M. Desmarais (CA SBN 320875)<br>Peter C. Magic (CA SBN 278917)<br>Kevin J. Gu (CA SBN 335053)<br>Kyle Curry (CA SBN 341242)<br>DESMARAIS LLP<br>101 California Street, Suite 3070<br>San Francisco, CA 94111<br>Tel: 415-573-1900<br>Fax: 415-573-1901<br>jdesmarais@desmaraisllp.com<br>pmagic@desmaraisllp.com<br>kgu@desmaraisllp.com<br>kcurry@desmaraisllp.com<br><br>Cosmin Maier (admitted *pro hac vice*)<br>Lindsey E. Miller (admitted *pro hac vice*)<br>Joze F. Welsh (admitted *pro hac vice*)<br>Asim H. Zaidi (admitted *pro hac vice*)<br>Ido Sadeh (admitted *pro hac vice*)<br>DESMARAIS LLP<br>230 Park Avenue, 26th Fl.<br>New York, NY 10169<br>T: 212-351-3400<br>F: 212-351-3401<br>cmaier@desmaraisllp.com<br>lmiller@desmaraisllp.com<br>jwelsh@dermaraisllp.com<br>azaidi@desmaraisllp.com<br>isadeh@desmaraisllp.com<br><br>*Attorneys for Defendant Apple Inc.* |

## **ATTESTATION**

Pursuant to Civil L.R. 5.1(i)(3), I hereby attest that each of the other Signatories on this document have concurred in the filing of the document.

                                           */s/ Kirk T. Bradley*
                                           Kirk T. Bradley
                                           *Attorney for Plaintiff Telcom Ventures LLC*