UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELCOM VENTURES LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC,<br><br>　　　　　Defendant. | Case No. 25-cv-05041-RFL<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 83 |

  Plaintiff Telcom Ventures LLC sued Defendant Apple, Inc. for patent infringement in the United States District Court for the Southern District of Florida, seeking monetary damages and pre-judgment and post-judgment interest for Apple's alleged infringement of several of Telcom's patents.  (*See* Dkt. No. 1.)  Apple moved to dismiss the complaint for failure to state a claim and to transfer the case to this Court.  (*See* Dkt. Nos. 28, 40.)  The Florida district court denied the motion to dismiss without prejudice, allowing the motion to be refiled following claim construction, but granted the motion to transfer.  (*See* Dkt. Nos. 53, 54.)  The case was subsequently transferred to this Court.  (Dkt. No. 56.)

  Apple then moved for leave to file a motion for reconsideration of the Florida court's order denying its motion to dismiss.  (Dkt. No. 83.)  The motion for leave was granted, and a briefing schedule was set to permit Telcom an opportunity to respond and Apple to reply to Telcom's response.  Having reviewed the parties' briefing, the matter was taken under submission without argument pursuant to Civil Local Rule 7-1(b).  The motion for

reconsideration is **DENIED**, for the reasons explained below. This order assumes the parties' familiarity with the underlying facts, the applicable legal standards, and both sides' arguments.

Apple argues that reconsideration is required because the Florida court failed to consider (a) that Telcom's opposition to the motion invoked only a general need for claim construction; and (b) that under Federal Circuit precedent, such invocations are insufficient to preclude addressing subject matter eligibility at the motion to dismiss stage. (Dkt. No. 83 at 10.)[1] Reconsideration is not proper on that basis.

Under 35 U.S.C. § 101, laws of nature, natural phenomena, and abstract ideas are not patentable. *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014). To distinguish patents that claim patent-ineligible concepts from patents "that claim patent-eligible applications of those concepts," a court considers (1) whether the claims at issue are directed to a patent-ineligible concept and (2) whether the claims have an "inventive concept," *i.e.*, "an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Id*. at 217–18 (cleaned up). A motion to dismiss may be granted on section 101 grounds without claim construction in many instances. *Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1360 (Fed. Cir. 2023). "[T]o avoid grant of a motion to dismiss" under section 101 based on the need for claim construction, "[a] patentee must do more than invoke a generic need for claim construction." *Id*. "Instead, the patentee must propose a specific claim construction or identify specific facts that need development and explain why those circumstances must be resolved before the scope of the claims can be understood for § 101 purposes." *Id*. at 1360–61.

Apple argues that Telcom's opposition to the motion to dismiss failed to propose "*any* specific claim construction" or identify any specific facts that need development before the scope of the claims can be understood for purposes of section 101. (Dkt. No. 83 at 9–10.) However, given the nature of Apple's argument in its motion to dismiss, Telcom's opposition met the

---

[1] All citations to page numbers in filings on the docket refer to ECF page numbers.

requirements articulated by *Trinity Info Media*.  In its motion to dismiss, Apple asserted that the asserted claims failed *Alice* step two because, "even as an ordered combination, the claims simply follow the expected sequence of checking that the conditions are met before transmitting data.  In fact, the specification refutes the notion that the order adds an inventive concept, stating: 'embodiments contemplated within the scope of the claims *are not necessarily limited to a particular order or necessarily include every step* described in [a specification embodiment] and may further include additional steps *as may be obvious to one of ordinarily skilled in the art*.'" (Dkt. No. 28 at 22 (citations omitted).)  In response, Telcom argued that the ordered combination "was far from conventional, routine, or well-understood in 2008, and Apple has not proved otherwise." (Dkt. No. 33 at 23.)  Telcom observed that Apple's sole substantive argument as to why the ordered combination failed *Alice* step two was that the specification "refutes the notion that the order adds an inventive concept." (*Id*. at 24.)  But Telcom argued that this contention would require claim construction because the specification describes communication modes that are enabled "*in response*" to proximity criteria and physiological data, and the claims either expressly recite an order via the word "then" or "do so by implication."  (*Id*. at 16, 24.) Telcom's argument that the claims explicitly and implicitly "recite an order" therefore goes beyond "invok[ing] a generic need for claim construction," *Trinity Info Media*, 72 F.4th at 1360, even if Telcom did not "identify what order of steps it purports are specifically required for any limitations of any claims" (Dkt. No. 83 at 9–10).

       Furthermore, Telcom has adequately explained how its proposed claim construction would be material to the analysis under section 101.  *See Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017) ("In any event, Cleveland Clinic provided no proposed construction of any terms or proposed expert testimony that would change the § 101 analysis.").  As described above, Apple's sole argument in its motion to dismiss as to why the ordered combination would lack an inventive concept relies on an interpretation of the claims as not requiring an order.  As such, Telcom accurately observes that, if Apple's interpretation is wrong, it "would confirm an inventive concept that forecloses Apple's theory of

3

ineligibility." (Dkt. No. 33 at 16.) That would leave the Court with Telcom's argument that "the claims as a whole represent 'nonconventional and non-generic arrangement[s]' for adaptively enabling functions on a mobile device when desired *in response* to certain proximity criteria and a value of physiological data sensed by a sensor, all of which constitute 'technical improvements' to conventional wireless mobile devices." (*Id*. at 23 (quoting *Bascom Glob. Internet Servs. v. AT&T Mobility LLC*, 827 F.3d 1341, 1351 (Fed. Cir. 2016)).) The thrust of Telcom's main patent-eligibility argument therefore turns on whether its proposed claim construction is correct.

Accordingly, the Florida court properly denied Apple's motion to dismiss without prejudice and allowed Apple to refile its motion after claim construction. (Dkt. No. 53 at 1 ("Telcom also asserts that claim construction is necessary to fully understand the inventive concept of the patents.").)

**IT IS SO ORDERED.**

Dated: October 16, 2024

RITA F. LIN
United States District Judge