UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELCOM VENTURES LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE INC,<br><br>        Defendant. | Case No.  25-cv-05041-RFL<br><br>**ORDER GRANTING STAY PENDING INTER PARTES REVIEW**<br><br>Re: Dkt. No. 105 |

        In this patent infringement lawsuit, Telcom Ventures LLC sued Apple, Inc., alleging certain Apple Pay features infringe upon eight of its patents.  Telcom filed suit on October 4, 2024, in the U.S. District Court for the Southern District of Florida.  Since then, Apple unsuccessfully moved to dismiss; the case was transferred to this Court; Apple unsuccessfully moved to reconsider denial of its motion to dismiss; and Telcom dismissed claims concerning four patents.  Apple now moves to stay this litigation pending *inter partes* review before the U.S. Patent and Trademark Office.  Apple's motion is **GRANTED** for the reasons set forth below.  This order assumes the reader's familiarity with the facts of the case, the applicable legal standards, and the parties' arguments.

        Apple filed four petitions for *inter partes* review on August 6 and 7, 2025, each respectively targeting every claim of a patent at issue in this case.  (Dkt. No. 105 at 8.)[1]  On November 20, 2025, the Director of the U.S. Patent and Trademark Office discretionarily denied two of Apple's petitions.  (Dkt. No. 112-1 at 2–3.)  The other two petitions will be reviewed for "merits and non-discretionary considerations."  (*Id.* at 3.)  As to the merits, the Director will consider whether "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition."  35 U.S.C. § 314(a).  The Director must

---

[1] All citations to page numbers refer to ECF pagination.

decide whether to initiate *inter partes* review by February 7, 2026.  (*See* 35 U.S.C. § 314(b); Dkt. No. 105 at 8.)

Courts consider three factors when evaluating whether to stay a case pending *inter partes* review: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party."  *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014).  Each factor weighs in favor of a stay.

First, this case is in its very early stages.  The parties have served their initial disclosures under Fed. R. Civ. P. 26(a)(1), but have not yet made any disclosures required by the Local Patent Rules.  (Dkt. No. 106 at 6; Dkt. No. 110 at 7.)  Similarly, the parties have not yet conducted any discovery.  (*Id.*)  Nor has any case schedule been entered, so no *Markman* hearing or trial dates have been set.  Telcom contends that Apple's motions have caused the parties to expend significant resources litigating the case, but those were preliminary motions that did not significantly advance the case.  The dispositive motions—the motion to dismiss and subsequent motion for reconsideration—were denied because claim construction had not yet occurred.  (Dkt. No. 108 at 4.)  Since this first factor requires focusing on "future costs that could be avoided through an IPR," and significant resources could be conserved through *inter partes* review, it weighs in favor of a stay.  *See Oyster Optics, LLC v. Ciena Corp.*, No. 4:20-CV-02354-JSW, 2021 WL 4027370, at *2 (N.D. Cal. Apr. 22, 2021).

Second, a stay will likely simplify the issues in this case.  While *inter partes* review was denied in two petitions, it remains pending initiation in the two others.  If *inter partes* review is initiated in either petition, the final decision will at least narrow the issues in this case due to Apple's "*Sotera* Plus" stipulation, under which it has agreed not to assert any ground in this lawsuit that was raised or reasonably could have been raised in its petitions, with certain limitations.  (*See* Dkt. No. 102.)  Moreover, *inter partes* review could result in invalidation of some or all of the two patents' claims.  And even though review was denied as to two patents,

"all patents involve the same subject matter" so the "final decision regarding the claims subject to *inter partes* review may overlap with claims not subject to *inter partes* review." *See PersonalWeb*, 69 F. Supp. 3d at 1028.  While Telcom argues that any simplification is speculative since Apple's petitions are pending, the Director has already considered "discretionary considerations" for denial and now will only be considering the merits of Apple's petitions.  (Dkt. No. 112-1 at 3.)  Accordingly, the second factor weighs in favor of a stay.

Third, a stay would not unduly prejudice or present a clear tactical disadvantage to Telcom.  This factor requires considering "(1) the timing of the IPR petition; (2) the timing of the stay request; (3) the status of review; and (4) the relationship of the parties." *Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 957 (N.D. Cal. 2019).  Apple's delay of ten months to file *inter partes* review petitions after Telcom initiated its lawsuit is somewhat prejudicial.  And its additional two-month delay to seek a stay increases that prejudice.  But review appears likely to be initiated if Apple's petitions have merit.  And more significantly, Apple and Telcom are not direct competitors, as Telcom concedes.  (Dkt. No. 110 at 11.)  While Telcom disagrees that it should be characterized as a "non-practicing entity," it does not provide any "evidence to substantiate an argument that direct competition will result in prejudice."  (*See id.*; *Cypress Semiconductor Corp. v. GSI Tech., Inc.*, No. 13-CV-02013-JST, 2014 WL 5021100, at *5 (N.D. Cal. Oct. 7, 2014).)  On balance, this factor weighs in favor of a stay.

Apple's motion to stay the case pending *inter partes* review is **GRANTED**.  The parties shall file a joint status report every six months, and shall notify the Court within 30 days of the completion of all proceedings before the U.S. Patent and Trademark Office.  If an appeal of the final decision is contemplated, Telcom may renew its objection to a stay pending appeal then.

**IT IS SO ORDERED.**

Dated: January 12, 2026

RITA F. LIN
United States District Judge