UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELCOM VENTURES LLC,<br>Plaintiff,<br>v.<br>APPLE INC,<br>Defendant. | Case No. 25-cv-05041-RFL<br><br>**ORDER DENYING MOTION TO LIFT STAY**<br><br>Re: Dkt. No. 122 |

This patent case was previously stayed pending *inter partes* review ("IPR"). *Telcom Ventures LLC v. Apple Inc.*, No. 25-CV-05041-RFL, 2026 WL 84431, at *1 (N.D. Cal. Jan. 12, 2026). Since the stay was put in place, the U.S. Patent and Trademark Office ("USPTO") declined to initiate IPR on any of the relevant patents, though it later ordered *ex parte* reexamination ("EPR") reaching every claim in three of the four patents at issue. Because of those changed circumstances, Telcom Ventures LLC moves to lift the stay. The motion is **DENIED**. This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.

The simplification of issues factor is the only factor materially impacted by the changed circumstances. Unlike IPR, EPR does not give rise to statutory estoppel. *See* 35 U.S.C. § 315(e). While that means EPR has less of a simplifying effect than IPR, it does not mean that EPR will have no simplifying effect. "[R]eexamination would still simplify issues by 'providing the court with [the] expert opinion of the PTO and clarifying the scope of the claims.'" *See Relink US LLC v. Tesla Inc.*, No. 25-CV-03365-RFL, 2025 WL 2909964, at *2 (N.D. Cal. Oct. 14, 2025) (citation omitted). Moreover, amendments to the claims made during EPR would

likely affect the scope of this litigation. *See id.* And Apple has stipulated that if the stay is maintained, it "will not assert in this litigation any ground of invalidity under 35 U.S.C. Sections 102 or 103 that was presented to the USPTO in the granted EPR requests." (Dkt. No. 123 at 9–10.)[1] While the USPTO has declined to order EPR of one of the patents at issue, the overlap in subject matter suggests that EPR of the other patents will still simplify litigation over that patent.

The remaining factors continue to weigh in favor of a stay, including that a continued stay is unlikely to prejudice Telcom because it and Apple are not direct competitors. *See Telcom*, 2026 WL 84431, at *1–2. Apple's two-to-four-month delay in seeking EPR after IPR institution was denied was reasonable under the circumstances and is not a basis to find prejudicial delay or gamesmanship. Accordingly, Telcom's motion to lift the stay is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 9, 2026

RITA F. LIN
United States District Judge

[1] All citations to page numbers in filings on the docket refer to ECF pagination.